UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER DERENSKI,

                    Plaintiff,

        v.

USAA GENERAL INDEMNITY
COMPANY,

                    Defendant.

CASE NO. C23-0676JLR

ORDER

Before the court is the parties' stipulated motion to continue certain pretrial case deadlines, including discovery-related deadlines and the dispositive motions deadline. (Mot. (Dkt. # 23).)  The current deadline for discovery motions is August 26, 2024, and the deadline for completion of discovery is September 23, 2024.  (Sched. Order (Dkt. # 22) at 1.)  The dispositive motions deadline is October 23, 2024.  (*Id.*)  The parties seek an extension to allow Plaintiff Heather Derenski to undertake "an inspection of the unrepaired vehicle to rebut the opinions of [Defendant USAA General Indemnity

1  Company]'s expert." (Mot at 1.)  The parties represent that they attempted in good faith

2  to schedule the teardown prior to the discovery motions deadline, but were unable to do

3  so. (*Id.*)

4    The court issues scheduling orders setting trial dates and related dates to provide a

5  reasonable schedule for the resolution of disputes. (*See generally* Sched. Order.)  The

6  court has previously warned the parties that "failure to complete discovery within the

7  time allowed is not recognized as good cause" to modify the case schedule. (3/14/24

8  Order (Dkt. # 21) at 2 (quoting Sched. Order at 2).)  The court nevertheless granted one

9  previous trial continuance to allow additional time for the parties to complete discovery,

10  warning that the court would "not grant future trial continuances based on discovery

11  needs." (*Id.* at 2 & n.1.)  Although the parties do not now ask for a continuance of the

12  trial date (*see generally* Mot.), the court cannot grant the stipulated motion for two

13  principal reasons.

14    First, the court generally sets the discovery cut-off 30 days prior to the deadline

15  for filing dispositive motions to ensure the parties have adequate time to assemble a

16  complete record before they file motions that could potentially dispose of the case. (*See*

17  *generally* Sched. Order.)  The parties' proposed discovery deadline is less than 30 days

18  before the proposed dispositive motions deadline. (Mot. at 2.)  Second, the schedule

19  generally provides 90 days between the deadline for filing dispositive motions and the

20  trial date. (*See generally* Sched. Order.)  This 90-day period takes into account: (a) an

21  approximate 30-day lag between the date a party files a motion and the date that motion

22  becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(4);

1   and (b) an additional 30 days during which the court endeavors to rule on the motion, *see*

2   *id.* LCR 7(b)(5).  Any reduction in the period between the noting date and trial risks

3   leaving the parties inadequate time to consider the court's rulings and plan for trial or an

4   alternative resolution.  Here, the parties have proposed a dispositive motions deadline that

5   is less than 90 days before the trial date (Mot. at 2; Sched. Order at 1), and the court will

6   not again move the trial date based on the parties' discovery needs (3/14/24 Order at 2

7   n.1).

8         The court is amenable to extending pretrial deadlines in a manner that

9   accommodates the original noting date of **November 20, 2024** for the parties' dispositive

10   motions.  *See* Local Rules W.D. Wash. LCR 7(d)(4).  To that end, the parties may

11   propose a discovery cut-off date and dispositive motions deadline that shorten the 30-day

12   window discussed above, as appropriate.  The parties are also encouraged to consider

13   shortened briefing schedules on their dispositive motions and/or any discovery motions.

14   If the parties agree that motion briefing schedules should be shortened to afford

15   additional time to complete discovery, they should file a stipulated motion reflecting both

16   their proposed case deadlines and shortened briefing schedules.

17         Accordingly, the court DENIES the parties' stipulated motion (Dkt. # 23) without

18   prejudice.  The parties may file a renewed stipulated motion in compliance with the terms

19   set forth in this order.

20         Dated this 26th day of August, 2024.

21

22                                     JAMES L. ROBART
                                    United States District Judge