UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER DERENSKI, | CASE NO. C23-0676JLR |
| Plaintiff, | ORDER |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is Plaintiff Heather Derenski's motion to retax costs.  (Mot. (Dkt. # 118); Reply (Dkt. # 123).)  Defendant USAA General Indemnity Company ("USAA") opposes the motion.  (Opp. (Dkt. # 122).)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS in part and DENIES in part Ms. Derenski's motion.

## II. BACKGROUND

In March 2018, Ms. Derenski sustained injuries in a motor vehicle collision in which an underinsured motorist ("UIM") was at fault. (Compl. (Dkt. # 1-3) ¶¶ 2.1-2.5.) Ms. Derenski was insured under a personal automobile insurance policy with USAA. (*See* Tredway MSJ Decl. (Dkt. # 28) ¶ 2, Ex. 1 at 6.) In April 2023, Ms. Derenski filed suit against USAA in King County Superior Court alleging claims for breach of contract; violation of the Insurance Fair Conduct Act ("IFCA"); insurance bad faith; and violation of the Washington Consumer Protection Act ("CPA"). (Compl. ¶¶ 3.1-6.12.) USAA removed the action to this court in May 2023. (*See* Not. (Dkt. # 1).)

In January 2025, the parties participated in a five day jury trial. (*See* Min. Entries (Dkt. ## 82, 86, 88, 89, 93).) At the conclusion of trial, the jury found that Ms. Derenski was entitled to recover $34,000 under her UIM policy. (Verdict (Dkt. # 97 (redacted); Dkt. # 98 (sealed)) at 2.) The jury also returned a verdict in favor of USAA on Ms. Derenski's breach of contract, IFCA, insurance bad faith, and CPA claims. (*Id.* at 2-4.)

On February 10, 2025, Ms. Derenski timely filed a motion pursuant to Local Civil Rule 54(d) seeking to recover the costs of her lawsuit in the amount of $7,630.08. (Derenski Cost Mot. (Dkt. # 105); Derenski Cost Reply (Dkt. # 115)); *see* Local Civil Rules W.D. Wash. LCR 54(d). USAA also moved to recover its costs in the amount of $18,753.42. (USAA Cost Mot. (Dkt. # 102); USAA Cost Reply (Dkt. # 114).) Both motions were opposed. (USAA Cost Opp. (Dkt. # 110); Derenski Cost Opp. (Dkt. # 111).) On March 5, 2025, the Clerk denied Ms. Derenski's costs motion and granted in part and denied in part USAA's costs motion. (Derenski Cost Order (Dkt. # 117); USAA

Cost Order (Dkt. # 116).) Ms. Derenski now moves the court to retax the assessed costs in this case. (*See generally* Mot.)

### III.   ANALYSIS

Ms. Derenski raises the following objections to the Clerk's cost orders: (i) the identification of USAA as the prevailing party and the denial of Ms. Derenski's costs; (ii) the allowance of certain witness fees for USAA's corporate representative; (iii) the allowance of certain fees purportedly associated with Ms. Derenski's medical and injury claims; (iv) the allowance of lodging costs for certain of USAA's witnesses; and (v) the Clerk's purported failure to account for economic disparities or "the chilling effect on future litigation." (Mot. at 1-2.) The court addresses each of these arguments below.

**A.   Prevailing Party and the Denial of Ms. Derenski's Costs**

Ms. Derenski argues that she is the prevailing party in this case for purposes of taxing costs because she received a judgment for damages for UIM benefits. (Mot. at 3-5.) USAA asserts that it is the prevailing party because it prevailed on each cause of action asserted in Ms. Derenski's complaint. (*See* Resp. at 3-4.) For the reasons stated below, the court concludes that USAA is the prevailing party.

For purposes of a Rule 54(d) motion, "a party in whose favor judgment is rendered is generally the prevailing party[.]" *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (quoting *d'Hedouville v. Pioneer Hotel Co.,* 552 F.2d 886 (9th Cir. 1977)). District courts, however, have discretion in awarding costs under Rule 54(d). *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 476-77 (9th Cir. 1974) (citations omitted); *see also Marx*

*v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("[T]he decision whether to award costs ultimately lies within the sound discretion of the district court.").

Here, Ms. Derenski asserted four causes of action in her complaint—breach of contract, insurance bad faith, and violations of the IFCA and CPA. (*See* Compl. at 2-6.) USAA prevailed on all four claims. (*See* Verdict at 2-4.)

The cases that Ms. Derenski cites to in support of her argument that she is the prevailing party are distinguishable. In those cases, the plaintiff prevailed on at least one claim or was awarded relief that advanced the goals of his or her lawsuit. *See, e.g.*, *d'Hedouville*, 552 F.2d at 889, 896 (jury awarded plaintiff $500,000 on her wrongful death claims); *K-2 Ski Co.*, 506 F.2d at 477 (plaintiff prevailed on two of twelve of its claims); *Park, ex rel. Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006) (prevailing parties "succeeded on several significant issues and achieved much of the benefit they sought in exercising their rights to a due process hearing and to bring a civil suit"); *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009) (prevailing party achieved "actual relief on the merits . . . that serve[d] the goals of the claim in [its] complaint"); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (plaintiff was deemed the prevailing party when it succeeded in obtaining injunction against defendants); *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, No. C19-1458DWC,U 2024 WL 3650693, at *3 (W.D. Wash. Aug. 5, 2024) (plaintiff partially prevailed on infringement claim). Here, in contrast, the jury found in favor of USAA on all four claims alleged in Ms. Derenski's complaint. (*See* Verdict.)

1    Ms. Derenski argues that while "she did not prevail on all of her claims, she did
2 prevail on a significant issue and obtained some of the benefits that she set out to gain[.]"
3 (Mot. at 3; *see* Reply at 1.)  The court is not persuaded by this argument.  During closing
4 argument, Ms. Derenski's counsel asked the jury to award Ms. Derenski $300,000 in
5 damages for USAA's alleged breach of contract, $250,000 in damages for USAA's
6 alleged "bad faith," $400,000 in IFCA damages trebled to $1.2 million, and $10,339 in
7 CPA damages.  (*See* 1/27/25 Tr. (Dkt. # 121) at 37:11-15, 42:9-15, 43:4-18, 44:10-12.)
8 Although the jury awarded Ms. Derenski $34,000 in UIM benefits (*see* Verdict at 2), the
9 parties agreed before Ms. Derenski filed suit that she was entitled to UIM benefits.  (*See*
10 Final Jury Instr. (Dkt. # 100) at 36 ("The parties agree that Ms. Derenski is entitled to
11 recovery of UIM benefits under the insurance contract.").)  The parties' UIM benefits
12 dispute centered only on the amount of the UIM claim.  (*See id.*)  In these circumstances,
13 the court cannot conclude that the judgment "material[ly] alter[ed] the legal relationship"
14 between the parties such that Ms. Derenski is the prevailing party.  *Saint John's Organic*
15 *Farm*, 574 F.3d at 1059; *see United States v. W. Sur. Co.*, No. C14-1963JLR, 2016 WL
16 4617654, at *2 (W.D. Wash. Sept. 2, 2016) (holding that the defendant was the prevailing
17 party where the plaintiff "prevailed only on its underpayment claim for $11,188.00,
18 which [defendant] all-but conceded at trial").[1]

---

[1] The parties agree that Rule 68 is not relevant to this dispute and the court therefore did not consider those portions of the parties' briefing in reaching its conclusion. (*See* Resp. at 6; Reply at 2.)

### B.     Witness Fees

Ms. Derenski also challenges the Clerk's award of witness fees for USAA's corporate representative, Crystal Barton. (*See* Mot. at 5; *see* USAA Cost Mot. at 2 (seeking $200.00 in costs for Ms. Barton's attendance fees); *see* Joint Pretrial Order (characterizing Ms. Barton as USAA's Rule 30(b)(6) witness).) USAA contends that the Clerk appropriately awarded costs to USAA for Ms. Barton's witness attendance fees. (*See* Resp. at 7-8.) The court agrees with USAA.

Local Rule 54(d)(3)(A) provides that "[t]he attendance, travel, and subsistence fees of witnesses, for actual and proper attendance, shall be allowed in accordance with 28 U.S.C. § 1821, whether such attendance was procured by subpoena or was voluntary." Local Civil Rules W.D. Wash. LCR 54(d)(3)(A). Although Ms. Derenski is correct that, "[a]s a general rule, parties may not recover witness fees for their own attendance[,]" the Ninth Circuit has permitted parties to recover attendance fees for witnesses "testifying on behalf of a corporate party to the suit, provided [n]o recovery . . . [is] sought" from the witnesses individually. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 679 (9th Cir. 2018) (internal quotations and citation omitted). Ms. Derenski argues that *Stevens* is inapplicable because that case involved corporate officers and directors. (*See* Mot. at 5; Reply at 2.) Courts within this district, however, have awarded attendance fees for a corporate representative's trial attendance. *See, e.g.*, *Emad v. Boeing Co.*, No. C14-1233RSM, 2016 WL 9227712, at *1-*3 (W.D. Wash. Mar. 4, 2016). The court concludes, however, that Ms. Barton's attendance fees should be limited to the day of Ms. Barton's testimony and two additional days to account for her travel to and from the

trial. *See id.*; *see also Coach, Inc. v. Siskiyou Buckle Co.*, No. 03:11-CV-00486-HZ, 2012 WL 13055491, at *3 (D. Or. Oct. 30, 2012) (authorizing corporate representative's witness attendance fee for day of testimony); *see* 28 U.S.C. § 1821(b) ("a witness fee shall be paid for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance"). Ms. Barton testified for one day. (*See* 1/22/25 Min. Order (Dkt. # 86).) Accordingly, the court reduces Ms. Barton's attendance fees to $120.00, to account for one day of testimony and two days of travel. *See* 28 U.S.C. § 1821 (authorizing $40.00 per day for each day the witness attended trial).

**C.    Costs Related to Injuries and Medical Treatment Claim**

Ms. Derenski also asserts that USAA should not be permitted to recover witness fees for Dr. Michael Hatzakis and Dr. Zdravko Salipur, videographer costs for Dr. Hatzakis's medical examination of Ms. Derenski, costs for Dr. Virtaj Singh's and Dr. Cheryl Hayes's depositions, and costs incurred to obtain Ms. Derenski's medical records. (Mot. at 6.)[2] In response, USAA asserts that "the evidence elicited from each of these witnesses either at trial or during deposition relates to the value of [Ms. Derenski's] UIM claim and goes directly to the evaluation and handling of the claim as to the adjudication of [Ms. Derenski's] causes of action." (Resp. at 8.)

USAA requests $80.00 in witness fees for Dr. Hatzakis for the two days that he testified, and $40.00 in witness fees for the one day that Dr. Salipur testified. (*See* USAA

---

[2] To the extent that Ms. Derenski's argument depends on her assertion that these witnesses' testimony related to her purportedly "successful claim" that USAA "had not paid her what she was owed under her insurance contract" (*see* Mot. at 7), the court rejects that argument on the basis that Ms. Derenski is not the prevailing party in this matter.

ORDER - 7

Cost Mot. at 3.) These fees are appropriate under § 1821. *See* 28 U.S.C. § 1821 (authorizing $40.00 per day for each day the witness attended trial).

Ms. Derenski has not provided any caselaw in support of her argument that the requested costs incurred in connection with the videographer, the depositions of Dr. Singh or Dr. Hayes, or costs incurred in obtaining her medical records, should be disallowed. (*See generally* Mot.; Reply.) The court concludes that the videographer costs, the deposition costs for Dr. Singh and Dr. Hayes, and costs incurred to obtain Ms. Derenski's medical records were sufficiently necessary to USAA's preparation of the case and were therefore appropriately allowed. *See Daniel v. Coleman Co., Inc.*, No. C06-5706KLS, 2008 WL 11452597, at *4 (W.D. Wash. Aug. 13, 2008) (allowing deposition fees); *cf. Indep. Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 678-79 (9th Cir. 1963) (affirming district court's award of costs to defendant for expenses incurred in obtaining copies of transcripts that were "necessarily obtained for use in the case").

**D.     Subsistence Costs**

Ms. Derenski also challenges the award of lodging costs for Ms. Barton and USAA witnesses Matthew Davis and Maggie Anderson. (Mot. at 1, 7.) Section 1821 provides for a travel allowance as prescribed by the Administrator of General Services. *See* 28 U.S.C. § 1821. A subsistence allowance is paid to witnesses who must stay overnight. 28 U.S.C. § 1821(d)(1)-(3). The Administrator of General Services has set

the daily lodging rate (excluding taxes) for Seattle at $188 per night.[3] USAA requested 10 days' worth of lodging fees for Ms. Barton, totaling $2,455.06, for January 18, 2025 through January 28, 2025. (*See* USAA Cost. Mot. at 2; Receipts (Dkt. # 103-3) at 9-12.) While the court finds Ms. Barton's lodging fees to be reasonable for the dates she testified at trial and for the day before, USAA did not provide any explanation for the necessity of her hotel stay for the remaining eight days. (*See generally* Resp.; USAA Cost. Mot.; USAA Cost Reply); *see also* 28 U.S.C. § 1821(b) ("a witness fee shall be paid for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance"). Accordingly, the court will allow lodging fees for Ms. Barton for two nights in the amount of $376.00.

USAA also requests three days' worth of lodging costs in the amount of $691.11 for Mr. Davis, and three days' worth of lodging costs in the amount of $680.89 for Ms. Anderson. (USAA Cost. Mot. at 2; Receipts at 16, 23.) As it did for Ms. Barton, the court concludes that two nights of lodging costs is reasonable for both witnesses. The court therefore allows lodging fees for Mr. Davis and Ms. Anderson in the amount of $376.00 for each witness.

### E.     Economic Disparities and Chilling Effect

Ms. Derenski contends that the court should not award costs to USAA even if it is found to be the prevailing party. (*See* Mot. at 7-8.) Rule 54(d)(1) creates a presumption

---

[3] *FY 2024 Per Diem Rates for Seattle*, Washington, U.S. General Services Administration, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2024%20(Current%20Fiscal%20Year)&city=Seattle&state=WA&zip= (last visited April 28, 2025).

in favor of awarding costs to the prevailing party, "but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citation omitted). In determining whether to deny costs to a prevailing party, courts consider the non-exhaustive *Escriba* factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* at 1247-48. Ms. Derenski argues that the third and fifth factors are applicable here. (*See* Mot. at 1, 8.) For the reasons discussed below, the court is not persuaded that the *Escriba* factors weigh in favor of denying USAA's costs in this case.

Courts within the Ninth Circuit have relied on the third "chilling effect" factor to justify the denial of costs in civil rights cases. *See, e.g.*, *Nelson v. Thurston Cnty.*, No. C18-5184DGE, 2023 WL 8370156, at *3 (W.D. Wash. Dec. 4, 2023); *see also Hayes v. Cnty. of San Diego*, No. 07cv1738 DMS (JMA), 2009 WL 10668673, at *1 (S.D. Cal. July 10, 2009) (denying costs in a "case involv[ing] significant civil rights, including the right to be free from excessive and unreasonable force," in part because the award "might have [a] chilling effect" on "important civil rights claims"). Although the court acknowledges that an insured individual may be hesitant to file a lawsuit against his or her insurance company in light of the risk of paying costs if unsuccessful, the court is not persuaded that this factor justifies denying USAA's costs in this case.

The fifth factor turns on the economic disparity among the parties. Although an economic disparity between the parties may weigh against awarding costs, "it appears to

be so only where the party seeking to avoid costs has limited financial resources and thus payment of costs would present a significant hardship." *Jardin v. DATAllegro, Inc.*, No. 08-cv-1462, 2011 WL 4835742, at *4 (S.D. Cal. Oct. 12, 2011) (citing and collecting authorities). Ms. Derenski has not pointed to any authority—nor is the court aware of any such authority—holding that "an economic disparity between the parties weighed against awarding costs absent a corollary finding that the party had limited financial resources." *See In re Tesla Inc., Sec. Litig.*, No. 18-CV-04865-EMC, 2023 WL 4032010, at *15 (N.D. Cal. June 14, 2023), *aff'd sub nom. In re Tesla, Inc., Sec. Litig.*, No. 23-16010, 2024 WL 4688894 (9th Cir. Nov. 6, 2024). Ms. Derenski does not argue that she has limited financial resources. (*See generally* Mot.) Accordingly, this factor also does not justify the denial of USAA's costs.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Ms. Derenski's motion (Dkt. # 118). The court taxes the following costs against Ms. Derenski, in the total amount of $15,974.36:

(1) $402.00 for Fees of the Clerk;

(2) $8,196.38 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) $3,284.13 in fees for witnesses;

(4) $4,071.85 in fees for exemplification and the costs of making copies necessarily obtained for use in the case; and

//

1    (5) $20.00 in Docket Fees under 28 U.S.C. § 1923.

2    Dated this 7th day of May, 2025.

3

   JAMES L. ROBART
4    United States District Judge